'19 CV0506 LAB KSC

# EXHIBIT "A"

Daniel M. Gilleon (SBN 195200)
Steve Hoffman (SBN 237466)
Gilleon Law Firm, APC
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.702.8623/Fax: 619.702.6337
Email: dan@gilleon.com
shoffmanlaw@gmail.com

Attorneys for Plaintiff James Marun

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2019** at 03:10:05 PM

Clerk of the Superior Court
By Alma Rhodes, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
### (Central Division)

| | |
|---|---|
| JAMES MARUN, | CASE NO. 37-2019-00008641-CU-CR-CTL |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. 42 U.S.C. § 1983 (Excessive Force); and |
| COUNTY OF SAN DIEGO; and DOES 1 to 20, | 2. Negligence |
| Defendants. | **Jury Trial Demanded** |

Plaintiff alleges:

### PARTIES

1.     Plaintiff, James Marun ("Marun" or "Plaintiff"), is an adult individual who resides in San Diego County, California.

2.     Defendant County of San Diego is a public entity, a county in the State of California and was the employer of Defendants DOES 1-20 at all times relevant to this lawsuit.

3.     The true names and capacities of DOES 1 to 20, inclusive, and the facts giving rise to their liability are unknown to Plaintiffs at this time. Plaintiffs will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability. Plaintiffs are informed and believe, and thereon alleges, that each of the Doe Defendants is responsible in some manner, either by act or omission, strict liability, fraud, negligence or otherwise, for the occurrences

EXHIBIT A

1   herein alleged, and that Plaintiffs' harm was legally caused by conduct of the Doe Defendants.

2       4.      At all times relevant to this lawsuit, Defendants DOES 1-20 were employees of

3   Defendant County of San Diego and performed the relevant acts within the course and scope of their

4   employment as San Diego County Sheriff Deputies. Defendants DOES 1-20 performed these acts

5   under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State

6   of California. Defendants DOES 1-20 are sued in their individual capacities (as to the claims under

7   section 1983) and as employees of the City of San Diego (as to the state law claim).

8                      **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9       5.      Pursuant to section 910 of the California Government Code, Plaintiff filed a timely

10  administrative claim with the County of San Diego ("County") on July 3, 2018.  The claim was

11  denied on August 17, 2018.

12                              **FACTUAL ALLEGATIONS**

13      6.      On March 6, 2018, Marun was living at the R&R Sober Living facility ("R&R") in

14  San Diego County, California. Marun had a history of mental health issues and that night, he began

15  to have a psychological episode while sitting in the dining room of the facility. Marun took a knife

16  from the kitchen and began to cut himself in an effort to remove a tattoo.

17      7.      Another resident of R&R called 911. Defendant DOES 1-20 ("Deputies") arrived at

18  R&R, and Marun walked outside. The Deputies threw Marun to the ground and pushed his face into

19  the pavement. The Deputies struck Marun with their fists and knees and tazed him.

20      8.      Without need or justification, Defendant DOES 1-20 intentionally released a police

21  dog to attack Marun.

22      9.      The police dog bit Marun on the left leg, inflicting serious injuries.

23      10.     Plaintiff was transported to the hospital.

24      11.     Doctors diagnosed Plaintiff with severe lacerations as a result of the dog bite to his

25  left leg. The wounds became infected, which required further treatments over the course of more than

26  two weeks in the hospital. Plaintiff has incurred substantial medical bills, suffered physical pain and

27  experienced emotional distress from the incident.

28  ///

EXHIBIT A

1

2

**FIRST CAUSE OF ACTION**
**(Against Defendants DOES 1-20 (Individual Capacity)**
**Excessive Force – 42 U.S.C. § 1983)**

3      12.   Plaintiff realleges and incorporates by reference the paragraphs stated above.

4      13.   Based on these allegations, Defendants DOES 1-20 used unreasonable, unjustified,

5   and excessive force on Plaintiff. Further, Defendants DOES 1-20 used this excessive force under

6   color of law, which constituted an unlawful seizure in violation of Plaintiff's rights under the Fourth

7   Amendment to the U.S. Constitution.

8      14.   As a proximate result of this excessive force, Plaintiff suffered the damages set forth

9   in Paragraph 11. Thus, Plaintiff is entitled to compensatory damages, under 42 U.S.C. § 1983, in an

10  amount to be proven at trial.

11     15.   Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. §

12  1988.

13     16.   In committing the acts alleged above, Defendants DOES 1-20 acted maliciously and

14  were guilty of a wanton and reckless disregard for Plaintiff's rights. As a result, Plaintiff is entitled

15  to punitive damages in an amount to be proven at trial.

16

17

**SECOND CAUSE OF ACTION**
**(Against All Defendants**
**Negligence – California Law)**

18     17.   Plaintiff realleges and incorporates by reference the paragraphs stated above.

19     18.   Based on these allegations, at least one employee of Defendant County of San Diego

20  was negligent in breaching the reasonable duty of care owed to Plaintiff. Defendants DOES 1-20

21  were acting within the scope of their employment as law enforcement officers of the San Diego

22  County Sheriff's Department. Thus, the County is responsible for Defendant DOES 1-20's actions

23  under section 815.2(a) of the California Government Code.

24     19.   This negligence directly and proximately caused the harm identified in Paragraph 15.

25  Thus, Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

26     20.   Further, as set forth above, Defendants DOES 1-20 acted with malice, and

27  unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and

28  safety of Plaintiff. As a result, Plaintiff is entitled to recover exemplary and punitive damages,

EXHIBIT A

1    against Defendants DOES 1-20, in an amount to be proven at trial.

2                                   **PRAYER FOR RELIEF**

3          WHEREFORE, Plaintiff James Marun prays for judgment against Defendants County of San

4    Diego and DOES 1-20, as follows:

5          1.     Compensatory damages, including both general and special damages;

6          2.     Punitive damages against Defendants DOES 1-20;

7          3.     Attorney fees under 42 U.S.C. § 1988(b);

8          4.     Costs, including expert fees, incurred in this lawsuit;

9          5.     Prejudgment interest; and

10         6.     Other relief that the Court deems proper.

11                                 **DEMAND FOR JURY TRIAL**

12         Plaintiff demands a jury trial.

13

14   Dated: February 14, 2019                          Gilleon Law Firm, APC

15

16                                                     Steve Hoffman, Attorneys for
                                                       Plaintiff James Marun
17

18

19

20

21

22

23

24

25

26

27

28

                                       Complaint For Damages
                                                 4
                                          **EXHIBIT A**