UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARUN,<br><br>                      Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>                      Defendants. | Case No.: 19cv506-LAB (KSC)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT** |

      Defendant County of San Diego removed this case from state court, citing federal question jurisdiction. Because Plaintiff James Marun filed his complaint in state court, he was not required to satisfy federal pleading standards.

      Pleadings in federal courts must comply with Fed. R. Civ. P. 8. The leading cases governing the interpretation and application of this rule are *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint alleges that Marun had a history of mental health issues and was living in a sober living facility. One evening, he took a knife from the kitchen and began to cut himself, prompting another resident to call 911. At that point, the complaint becomes very terse. It says some unnamed San Diego County sheriff's deputies arrived, Marun walked outside, and they threw him to the ground. (Compl., ¶ 7.) Then, he alleges, they pushed his face into the pavement, struck him with their

fists and knees, used a taser on him, and released a police dog to attack him. (*Id.*, ¶¶ 7–8.) The complaint concludes that the dog was released "[w]ithout need or justification." (*Id.*, ¶ 8.) The dog bit Marun in the leg and he was transported to the hospital. (*Id.*, ¶¶ 9–10.) The complaint concludes that this constituted excessive force within the meaning of the Fourth Amendment. It brings a claim under 42 U.S.C. § 1983 against unnamed deputies (sued as Doe Defendants), as well as a claim for negligence against the County and the deputies.

The complaint gives no other details about this incident. It does not, for example, allege what the other resident told the 911 operator or why deputies were summoned;[1] whether Marun was holding a knife when deputies arrived; what, if anything, Marun did upon first encountering the deputies; what else, if anything, the deputies first did upon encountering Marun; and how long the incident took to unfold. As pled, the complaint merely alleges that the deputies committed an unprovoked assault on Marun—not that they effected or were attempting to effect a seizure. *See County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) ("The Fourth Amendment covers only 'searches and seizures' . . . ."); *Marotz v. City & Cty. of San Francisco*, 2015 WL 970577, at *5–*7 (N.D. Cal., Mar. 2, 2015) (analyzing whether a physical confrontation amounted to a "seizure" within the meaning of the Fourth Amendment). While the complaint's allegations are consistent with a Fourth Amendment violation, they do not point to a Fourth Amendment violation as opposed to an ordinary assault. *See Iqbal*, 556 U.S. at

---

[1] Although this is not the only gap in the pleadings, the omission of the deputies' reason for being there is significant. If, for example, they were asked to provide medical help or to protect Marun but instead decided to assault him, their actions might not amount to a "seizure" within the meaning of the Fourth Amendment. On the other hand, if they were trying to restrain or arrest Marun, their actions are far more likely to amount to a seizure. *See Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) ("Violation of the Fourth Amendment requires an intentional acquisition of physical control.")

678 (pleading facts that are "merely consistent with" defendants' liability is insufficient).

Within **21 calendar days of the date this order is issued**, Marun shall file an amended complaint that meets the pleading standard of Fed. R. Civ. P. 8, as explained in *Twombly* and *Iqbal.* Although this order has discussed only the § 1983 claim, Marun should confirm that the entire amended complaint is adequately pled.

**IT IS SO ORDERED**.

Dated: March 18, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge