Daniel M. Gilleon (SBN 195200)
Steve Hoffman (SBN 237466)
Gilleon Law Firm, APC
1320 Columbia Street, Suite 200
San Diego, CA 92101
Tel: 619.702.8623/Fax: 619.702.6337
Email: dan@gilleon.com
shoffmanlaw@gmail.com

Attorneys for Plaintiff Mary Marun

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MARUN, conservator, on behalf of JAMES MARUN,<br><br>Plaintiff,<br><br>vs.<br><br>HEATHER STORR, CORY CRAWFORD and COUNTY OF SAN DIEGO,<br><br>Defendants. | **CASE NO. 19cv506-LAB (KSC)**<br><br>**THIRD AMENDED COMPLAINT**<br><br>1. **42 U.S.C. § 1983 (Excessive Force)**<br><br>2. **Negligence**<br><br>**Jury Trial Demanded** |

This lawsuit arises from law enforcement's use of force against an unarmed person. Plaintiff alleges:

## JURISDICTION AND VENUE

1. This is a lawsuit for money damages under 42 U.S.C. § 1983, et seq., and the Fourth Amendment to the United States Constitution, for the violations of James Marun's constitutional rights by deputies of the San Diego County Sheriff's Department. Jurisdiction therefore arises under 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts a state law claim of negligence. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

3. Venue in this Court is proper under 28 U.S.C. § 1391(b). The incident giving rise to the claims in this lawsuit took place in the County of San Diego.

**PARTIES**

4. Plaintiff Mary Marun is the conservator of James Marun, appointed by the Superior Court of California, County of San Diego. Mary Marun files this complaint pursuant to Fed. R. Civ. P. 17(c)(1)(C). A copy of the Letters of Conservatorship and the Superior Court's order appointing Mary Marun conservator of James Marun are attached as Exhibit 1. Both Mary Marun and James Marun ("Marun") are adult individuals who reside in San Diego County, California.

5. Defendant County of San Diego is a public entity, a county in the State of California and was the employer of Defendants Heather Storr (Storr) and Cory Crawford (Crawford) at all times relevant to this lawsuit.

6. At all times relevant to this lawsuit, Defendants Storr and Crawford were employees of Defendant County of San Diego and performed the relevant acts within the course and scope of their employment as San Diego County Sheriff Deputies. Defendants Storr and Crawford performed these acts under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendants Storr and Crawford are sued in their individual capacities (as to the claims under section 1983) and as employees of the City of San Diego (as to the state law claim).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. Pursuant to section 910 of the California Government Code, Plaintiff filed a timely administrative claim with the County of San Diego ("County") on July 3, 2018. The claim was denied on August 17, 2018.

**RELEVANT PROCEDURAL HISTORY**

8. James Marun filed a complaint for damages in the Superior Court of California on February 14, 2019. Defendant answered the complaint in Superior Court with a general denial on March 13, 2019. Defendant removed this action to this

Court on March 15, 2019. (ECF Docs. 1 & 2.)

9. On March 19, 2019, the Court ordered Plaintiff to amend his complaint in order to comply with Fed. R. Civ. P. 8. (ECF Doc. 3.) On April 8, 2019, James Marun filed a First Amended Complaint (ECF Doc. 6.)

10. On April 22, 2019, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenging, among other issues, Plaintiff's competency and, therefore, his capacity to sue. (ECF Doc. 7)

11. Plaintiff Mary Marun, filed a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) within 21 days of Defendants' motion to dismiss.

12. Plaintiff Mary Marun now files this Third Amended Complaint substituting Storr and Crawford for DOE Defendants 1 and 2 and amending certain factual allegations. A redline version of this amended complaint is attached as Exhibit A.

## FACTUAL ALLEGATIONS

13. On March 6, 2018, James was living at the R&R Sober Living facility ("R&R") in San Diego County, California. James had a history of mental health issues and, that night, he began to have a psychological episode while sitting in the dining room of the facility. James took a knife from the kitchen and began to cut himself in an effort to remove a tattoo.

14. At approximately 10:47 p.m., another resident of R&R called 911 and told the operator that James was cutting himself with a knife. Deputies and fire department personnel were dispatched for a "Suicide - Actual or Attempt."

15. The 911 operator then noted that a struggle was heard, and the line was disconnected. Minutes later, another call to 911 reported that James had stabbed himself.

16. Approximately eight San Diego County Sheriff Deputies ("Deputies") arrived at the R&R Sober Living facility at approximately 10:52 or 10:53 p.m. James was told by another resident of R&R that the police were outside, so James exited the

facility to go out and meet them.

17. James was unarmed and did not have a knife or other weapon on him when he went outside. James posed no immediate threat to the Deputies or any other person when he walked out to meet the officers.

18. As James walked down the driveway toward the Deputies, the Deputies ordered him to sit down on the ground. James complied with the command. A deputy then ordered James to turn over on his stomach, and James complied with that order. Storr then told James to put his arms out and keep his feet out, and James complied with this order. During this time, Crawford was standing approximately 10 feet away from James with his K9, who was excitedly barking at James. Storr then ordered James to put his hands between his back slowly, and James again complied. Storr and the other Deputies approached James and Storr grabbed James left wrist. Although James kept his hands behind his back and did not resist, Storr fumbled with the handcuffs and could not put the cuff on James' left wrist for over 30 seconds. James moved his right arm to his side because of the discomfort. Finally, after getting the cuff on the left wrist, Storr ordered James to give her his right arm.  James did not comply with this order. Storr grabbed James' right arm, as another Deputy tased James and other Deputies punched James and struck him with their knees.

19. As the Deputies were tasing, punching and kneeing James, he was screaming in pain, and another resident of R&R Sober Living facility shouted "Stop! Leave him alone! It's not right!" Crawford then intentionally, and without warning, released a K9 on James. The K9 tore into James' leg, severely lacerating his calf. As the K9 was violently biting and shaking James' leg, Crawford let go of the K9's lead and began to punch James in the back. Storr then intentionally and forcefully dropped onto James' back with her knee, causing him more pain, as she finally got James cuffed. On information and belief, Storr falling on James caused a pneumothorax, a collapsed lung.

20. At approximately 10:55 p.m., 911 Computer Aided Dispatch (CAD)

recorded that Deputies were "Getting one in custody." At approximately 10:56 p.m., 911 recorded that the scene was clear for the fire department. This was only three to four minutes after Deputies arrived on the scene.

21. CAD recorded that a call was made to notify the K9 sergeant, and confirmed K9 contact with James.

22. James was transported to the hospital.

23. Doctors diagnosed James with severe lacerations as a result of the dog bite to his left leg. The wounds became infected, which required further treatments over the course of more than two weeks in the hospital. Doctors also diagnosed that James' lung was collapsed. James has incurred substantial medical bills, suffered physical pain and experienced severe emotional distress from the incident.

24. The Deputies were given notice by CAD that James had attempted suicide and was therefore emotionally disturbed.

25. It is the written policy of the San Diego County Sheriff's Department that in every instance of an attempted suicide, an application for a 72-hour Detention for Evaluation shall be completed and the individual be transported to the hospital for a psychiatric evaluation.

**FIRST CAUSE OF ACTION**
(Against Defendants Storr and Crawford (individual capacity)
Excessive Force – 42 U.S.C. § 1983)

26. Plaintiff realleges and incorporates by reference the paragraphs stated above.

27. Based on these allegations, Defendants Storr and Crawford used unreasonable, unjustified, and excessive force on James in beating him and releasing a K-9 on an emotionally disturbed individual who was not resisting arrest. Further, Defendants Storr and Crawford used this excessive force under color of law, which constituted an unlawful seizure in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, as applied through the Fourteenth Amendment.

28. As a proximate result of this excessive force, James suffered the damages

set forth in Paragraph 20. Thus, Plaintiff is entitled to compensatory damages, under 42 U.S.C. § 1983, in an amount to be proven at trial.

29. Plaintiff is further entitled to costs and reasonable attorney's fees under 42 U.S.C. § 1988.

30. In committing the acts alleged above, Defendants Storr and Crawford acted maliciously and intentionally and were guilty of reckless and callous disregard for James' protected rights. As a result, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
(Against All Defendants)
Negligence – California Law

31. Plaintiff realleges and incorporates by reference the paragraphs stated above.

32. Based on these allegations, Storr and Crawford were negligent in breaching the reasonable duty of care owed to Plaintiff. Defendants Storr and Crawford were acting within the scope of their employment as law enforcement officers of the San Diego County Sheriff's Department.

33. This negligence directly and proximately caused the harm identified in Paragraph 23. Thus, Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

34. Pursuant to Cal. Gov't. Code § 815.2, Defendant County of San Diego is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

35. Further, as set forth above, Defendants Storr and Crawford acted with unnecessary, cruel, and despicable conduct and in wanton disregard for the civil rights, health, and safety of James. As a result, Plaintiff is entitled to recover exemplary and punitive damages, against Defendants Storr and Crawford, in an amount to be proven at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Marun prays for judgment against Defendants County of San Diego and DOES 1 through 20, as follows:

1. Compensatory damages, including both general and special damages;
2. Punitive damages against Defendants Storr and Crawford;
3. Attorney fees under 42 U.S.C. section 1988(b);
4. Costs, including expert fees, incurred in this lawsuit;
5. Prejudgment interest; and
6. Other relief that the Court deems proper.

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: September 23, 2019					Gilleon Law Firm, APC

									s/Steve Hoffman
									Attorneys for Plaintiff
									Email: shoffmanlaw@gmail.com